UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY FOGLE,

Plaintiff,

-v-

MONROE COUNTY,

Defendant.

DECISION AND ORDER

10-CV-6170 CJS

APPEARANCES

For Plaintiff: James F. Armstrong, Esq.
202 Main Street, Suite 200
Hamburg, New York 14075

For Defendant: Paul D. Fuller, Esq.
Monroe County Law Department
39 West Main Street, Suite 307
Rochester, New York 14614

INTRODUCTION

This is an action alleging employment discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Now before the Court is Defendant's motion for judgment on the pleadings (Docket No. [#15]). For the reasons discussed below, the application is denied, and Plaintiff's request to file an amended pleading is granted in part and denied in part.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiffs' Complaint ("the Complaint") in this action, and are presumed to be true for purposes of this Decision and Order. Plaintiff was previously employed by Defendant as a "per diem child care worker."

Plaintiff worked at that job during the daytime. Plaintiff also had a second job, which involved working at night. In May 2007, Plaintiff injured his back, which prevented him from working for Defendant. Plaintiff subsequently received paid sick leave from Defendant, until August 2007. Plaintiff contends that although he was unable to work at his job with Defendant, he was still able to work his second job, because it did not require any physical exertion. In or about August 2007, Plaintiff returned to work for Defendant, and he maintains that he asked for a light-duty assignment, and was told that none were available. Defendant maintains that Plaintiff never asked about a light-duty assignment. Defendant subsequently terminated Plaintiff's employment, because it determined that he had fraudulently obtained paid sick leave by representing that he was unable to work at all, while still working at his second job.

On March 6, 2008, Plaintiff signed a discrimination complaint addressed to the New York State Division of Human Rights. Plaintiff's signature was notarized by this then-attorney, William E. Burkhart, Jr. The complaint purports to state claims under two federal statutes: The ADA and the Age Discrimination in Employment Act ("ADEA"). The complaint indicates that Plaintiff is alleging discrimination on the basis of "age" and "disability/perceived disability/past disability." The complaint does not allege any other type of discrimination. In the complaint, Plaintiff states that he sprained his back, which left him unable to perform his job for the Defendant, but able to perform a second job. The complaint also states that Defendant terminated his employment because he allegedly falsely stated that he was unable to work. The complaint further states that Defendant did not follow its progressive discipline policy. Finally, the complaint states that a younger employee, who also worked

two jobs, took time off from his county job to work at the second job, and was not disciplined. On May 12, 2009, a hearing on Plaintiff's complaint was held at the New York State Division of Human Rights before Administrative Law Judge Michael Groben. The Court has reviewed the 268-page transcript of that hearing, and it contains no reference to racial discrimination. On June 30, 2009, ALJ Groben issue his "Recommended Findings of Fact, Opinion and Decision, and Order," finding that Plaintiff had failed to prove his claims, and recommending that the case be dismissed. ALJ's Groben's Order observed, in pertinent part, that Plaintiff was complaining of age discrimination and disability discrimination. On September 16, 2009, Galen D. Kirkland, Commissioner of the New York State Division of Human Rights, issued a "Notice and Final Order," adopting Groben's recommended disposition. Plaintiff did not seek judicial review of the administrative ruling.

On March 26, 2010, Plaintiff, proceeding *pro se*, commenced this action. The form complaint that Plaintiff used gave him the option of suing under Title VII, the Age Discrimination in Employment Act, and/or the ADA. In that regard, the form indicated that Title VII pertained to discrimination because of "race, color, gender, religion, national origin." However, Plaintiff chose only to assert a claim under the ADA. The form complaint also asked Plaintiff to indicate whether he was alleging discrimination on the bases of "race" or "color," but Plaintiff did not check either box, and instead, checked only the box for "disability" discrimination. Later in the Complaint, Plaintiff reiterates that he was discriminated against because of a "disability," and that Defendant failed to provide him with a reasonable accommodation for his disability. Consequently, Plaintiff's Complaint [#1] asserts a single claim, which is for discrimination under the ADA.

On January 14, 2011, Defendant filed the subject motion for judgment on the pleadings. Defendant maintains that the Complaint fails to state any claim, since it essentially consists of a single naked assertion, that "County has light duty, but my Director refuse[d] to give me any." Fuller Aff. [#15-1] at ¶ ¶ 6-7. In the alternative, Defendant contends that "[P]laintiff's Complaint has been fully litigated at a Public Hearing, there are no material issues of fact that remain to be resolved, and the [D]efendant is entitled to judgment as a matter of law." Fuller Aff. [#15-1] at ¶ 8. Defendant further indicates that it is entitled to attorney's fees, under 42 U.S.C. § 1988, since the Complaint is frivolous.

On March 18, 2011, Plaintiff, who has now retained counsel, responded to Defendant's motion by requesting leave to amend the complaint. The Proposed Amended Complaint again purports to state a claim under the ADA, and sets forth that claim in much greater detail than in the original Complaint. In addition, it asserts a claim for race discrimination under Title VII, and alleges that white employees received paid sick leave while working at other jobs, but were not disciplined.

On April 7, 2011, Defendant filed a reply brief, in which it contends that the Court lacks subject-matter jurisdiction over both of Plaintiff's proposed claims:

> The District Court lacks jurisdiction of plaintiff's racial discrimination claim as plaintiff did not exhaust the administrative remedies concerning that claim.
>
> The District Court lacks subject matter jurisdiction of plaintiff's age and disability claims, because they were fully litigated by the New York State Division of Human Rights and were dismissed on the merits.

Fuller Aff. [#22] at ¶ ¶ 3.1-3.2. [1]

On October 6, 2011, counsel for the parties appeared before the undersigned for oral argument.

DISCUSSION

"The same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (citation omitted). The applicable standard for 12(b)(6) motions is well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual

---

[1] With regard to the disability discrimination claim, Defendant appears to be arguing that Plaintiff is barred from bringing a disability discrimination claim under either state or federal law, since he already brought such a claim before the New York State Division of Human Rights. In support of its argument concerning the disability claim, Defendant cites *Cooper v. Sutherland Group, LTD*, No. 10-CV-6575, 2011 WL 1118712 (W.D.N.Y. Mar. 24, 2011) (Telesca, J.) and *Perry v. ARC*, No. 10-CV-6337, 2010 WL 4721611 (W.D.N.Y. Nov. 22, 2010) (Siragusa, J.), both of which held that pursuant to New York Executive Law § 297(9), a party who elects to pursue an administrative proceeding under the Human Rights Law may not later bring the same Human Rights Law claim in court. *See, Perry v. ARC*, 2010 WL 4721611 at *4 ("Plaintiff here elected to pursue remedies in the New York Division of Human Rights and that body made a determination on the merits, therefore foreclosing claims under the New York Human Rights law here."). However, those cases are inapposite, since Plaintiff is not asserting a Human Rights Law claim in this action.

allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.), *reversed on other grounds, Ashcroft v. Iqbal*, 129 S.Ct.1937 (2009). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Moreover, even where dismissal is appropriate, a plaintiff's request for leave to replead should generally be granted, unless amendment would be futile. *See, Porat v. Lincoln Towers Community Ass'n* , 464 F.3d 274, 276 (2d Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).").

In the instant case, Defendant moved to dismiss the original Complaint for failure to state a claim, and even Plaintiff's newly-retained counsel admits that the Complaint was deficient. However, Plaintiff has requested leave to amend. In its Reply, Defendant does not contend that the Proposed Amended Complaint fails to state a claim under the ADA. Instead, Defendant argues only that the Court lacks subject matter jurisdiction over the proposed amended claims. The Court agrees that the Title VII claim is barred for failure to exhaust administrative remedies, but finds that the ADA claim is not barred by the prior administrative proceeding.

*Plaintiff Did Not Exhaust Administrative Remedies For His Proposed Racial Discrimination Claim*

Defendant contends that the Court lacks jurisdiction over Plaintiff's proposed Title VII claim, because he did not administratively exhaust the claim. Clearly, exhaustion of Title VII claims is required, but the failure to exhaust such claims does not deprive the Court of jurisdiction. Instead, the failure to exhaust is a non-jurisdictional requirement which, like a statute of limitations, can be waived. *See, Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.") (citations omitted). The legal principles to be applied on a motion to dismiss a Title VII claim for failure to exhaust are clear:

> As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC.[2] We have recognized, however, that claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency. A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.[3] This exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering. . . . In determining

---

[2] The complaint may also be filed with the New York State Division of Human Rights. *See, e.g., Carter v. New York City Dept. of Corr.*, Docket No. 00-7118, 7 Fed. Appx. 99, 102, 2001 (2d Cir. Apr. 5, 2001).

[3] *See, Joseph v. Price Costco*, No. 03-7949, 100 Fed.Appx. 857-858 at *1 (2d Cir. Jun. 10, 2004) ("This Circuit has recognized three situations where a plaintiff may assert in district court a claim that was not specifically pleaded in his administrative complaint because it is 'reasonably related' to its EEOC claims: (1) claims that are within the scope of the EEOC investigation that is likely to grow out of the charge; (2) claims of retaliation for filing the EEOC charge; and (3) further incidents that occur after the filing of the EEOC charge.") (*citing Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir.1993)).

> whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving.

*Deravin v. Kerik*, 335 F.3d 195, 200-201 (2d Cir. 2003) (citations, footnotes, and internal quotation marks omitted).

In this case, Plaintiff, who was represented by an attorney throughout the administrative process, filed a state administrative complaint alleging only disability-related and age-related discrimination. Plaintiff gave no indication, either in his administrative complaint or during his hearing testimony, that he was complaining of racial discrimination. As far as the Court is aware, the administrative agency did not investigate racial discrimination, nor would it have been reasonable for it to do so, based on Plaintiff's complaint. Accordingly, the proposed racial discrimination claim is unexhausted, because it is not reasonably related to the age- and disability-related claims that Plaintiff asserted in his administrative complaint. It would therefore be futile for Plaintiff to assert a Title VII race discrimination claim, and his application to amend is denied as to that claim.

*Plaintiff's ADA Claim Is Not Barred By His Earlier Administrative Proceeding*

Defendant maintains that the Court lacks subject matter jurisdiction over Plaintiff's disability discrimination claims[4] because Plaintiff previously brought the same claim unsuccessfully before the New York State Division of Human Rights. The Court disagrees. At the outset, the Court would agree that Plaintiff's disability discrimination claim would be barred by Executive Law § 297(9) if he were bringing it under the New York Human Rights

[4] Defendant also states that the Court lacks such jurisdiction over Plaintiff's age discrimination claims, *see*, Reply Memo [#22-1] at 4, but Plaintiff is not asserting such claims.

Law. However, Plaintiff is not asserting a disability discrimination claim under the New York Human Rights Law, but instead, is only bringing such claim under the ADA. Moreover, although Plaintiff's claim was resolved on the merits by the New York State Division of Human Rights, that administrative determination was not affirmed by a state court. Consequently, the adverse administrative determination does not preclude Plaintiff from pursuing his ADA claim. *See, Smith-Henze v. Edwin Gould Services for Children and Families, Officers and Employees*, No. 06 Civ. 3049 LBS DCF, 2006 WL 3771092 at *4 (S.D.N.Y. Dec. 21, 2006) ("The NYSDHR's finding of no probable cause does not bar [plaintiff's] claim of discrimination on the basis of disability under the ADA. In *University of Tennessee v. Elliot*, 478 U.S. 778 (1986), the Supreme Court held that Congress deprived unreviewed state administrative proceedings of preclusive effect in Title VII claims. The Supreme Court extended that rule in *Astoria Federal Savings & Loan v. Solimino*, 501 U.S. 104, 110-14 (1991), holding that the ADEA implicitly deprived state administrative proceedings of preclusive effect.") (citations omitted); *see also, Joseph v. Athanasopoulos*, 648 F.3d 58, 64, n. 6. (2d Cir. 2011) (Indicating, in pertinent part, that *Elliot*'s holding "appl[ies] with equal force in the ADA context."). Accordingly, Plaintiff's proposed ADA claim is not barred by New York State Division of Human Rights's administrative determination, and Plaintiff's application to amend is granted as to that claim.

CONCLUSION

Plaintiff's application to amend his complaint is granted as to the ADA claim, and denied as to the Title VII claim. As discussed at oral argument, Defendant shall file and serve an answer to the Amended Complaint within twenty days of the date of this Decision

and Order. Defendant's motion [#15] to dismiss the original Complaint is denied as moot. Defendant's request for attorney's fees is denied.

SO ORDERED.

Dated: October 7, 2011
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge