UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY FOGLE,

                        Plaintiff

-vs-

MONROE COUNTY,

                        Defendant

DECISION AND ORDER

10-CV-6170 CJS

_____

## INTRODUCTION

On March 26, 2010, Larry Fogle ("Plaintiff") commenced this action, claiming that he had suffered employment discrimination in violation of the Americans with Disabilities Act ("ADA"). Now before the Court is Defendant's application (Docket No. [#61]) to dismiss the action for failure to prosecute. The application is granted.

## BACKGROUND

Plaintiff commenced the action *pro se*. The gist of Plaintiff's claim is that he suffered a back injury, which prevented him from performing his regular job duties, and his employer, the County of Monroe, refused to give him a light-duty work assignment. The Court granted Plaintiff's request to proceed *in forma pauperis*. Plaintiff filed multiple motions for appointment of counsel, which the Court denied. On January 14, 2011, Defendant filed a motion pursuant to Fed. R. Civ. P. 12(c), which Plaintiff opposed. On March 4, 2011, Plaintiff retained an attorney. On October 11, 2011, the Court denied Defendant's Rule 12(c) motion. *See*, Decision and Order [#24]. On January 11, 2013, Plaintiff advised the Court that he had discharged his attorney and was going to once again proceed *pro se*. *See*, Docket No. [#33]. Subsequently, the Court granted Plaintiff's renewed motion for appointment of counsel and appointed Nicholas Pontzer, Esq. ("Pontzer") to represent Plaintiff. *See*, Docket No. [#35]. Thereafter Pontzer filed an Amended Complaint [#42] on Plaintiff's behalf, and conducted

1

discovery on his behalf.

However, on November 5, 2014, Pontzer filed a motion [#51] for leave to withdraw as Plaintiff's attorney, due to the fact that Plaintiff had apparently moved from his last-known address and left no forwarding address at which Pontzer could contact him. In support of the application, Pontzer indicated that he has not heard from Plaintiff since August 2014, and that a person living at Plaintiff's last-known address told him that Plaintiff moved and left no forwarding address. Pontzer further indicated that he sent letters to Plaintiff's last-known address, and left phone messages at Plaintiff's last-known telephone number, but has not received any response from Plaintiff.

On December 12, 2014, the Honorable Jonathan W. Feldman, United States Magistrate Judge, granted Pontzer's motion to withdraw, and stayed the matter for sixty days to allow Plaintiff to retain a new attorney. *See*, Order, Docket No. [#56]. Magistrate Judge Feldman indicated that a further conference would be held on February 25, 2015, at 11:00 a.m., and that if Plaintiff failed to appear for the conference he would entertain a motion to dismiss for failure to prosecute. *Id*. Pontzer sent a copy of Magistrate Judge Feldman's Order to Plaintiff's last-known address by registered mail, but the registered letter was returned, marked "refused." *See*, Docket No. [#58].

On February 25, 2015, Plaintiff failed to appear for the conference scheduled before Magistrate Judge Feldman. On March 5, 2015, Defendant filed the subject motion to dismiss for failure to prosecute.

DISCUSSION

Rule 5.2(d) of the Local Rules of Civil Procedure provides that "[a] party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. . . . The Court must have a current address at all times. Thus, a *pro se* litigant must

inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice." Moreover, Local Rule 41(b) provides that an action may be dismissed for failure to prosecute.

Based upon the foregoing factual recitation, it appears that Plaintiff has abandoned this action. Plaintiff failed to respond to his former (court-appointed) attorney's letters and phone calls for over five months. Moreover, it appears that Plaintiff moved and failed to provide either his former attorney or the Court with his new address. Further, Plaintiff failed to appear for a conference scheduled by the Court, without explanation.

## CONCLUSION

Accordingly, it is hereby

ORDERED, that Defendant's motion to dismiss [#61] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:   Rochester, New York
         March 13, 2015

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge